### CAMPBELL *vs.* H. B. MATHEWS.

Where the *partnership funds* of a firm have been misapplied by a member of a firm, towards the payment of a judgment holden by a creditor of the firm, against him for his individual debt, such creditor may, on the application of the other member of the firm, apply the payment to his demand against the firm, and enforce his judgment, notwithstanding a receipt given, applying the payment on account of the judgment.

MOTION to set aside an execution on the allegation of payment of judgment. The defendant being indebted to the plaintiff in a judgment, made a note for $200, and signed to it the name of a mercantile firm, of which he was a member, viz. H. B. & J. B. Mathews, and delivered the note to the plaintiff for the purpose of raising money to apply on the judgment. The firm also being indebted to the plaintiff, J. B. Mathews, the other member, after being informed of the existence of the note, supposing it to have been given for a debt of the firm, paid all but $16 of its amount out of the *partnership funds*. The balance of $16 was paid by the defendant, and by his direction the $200 were applied to the judgment against him, and a receipt accordingly given. J. B. Mathews, on learning that the note had been given for an individual debt of his partner, insisted that the payments should be applied to the demands of the plaintiff against the firm; the plaintiff acquiesced, and issued execution against the defendant on the judgment, which the defendant now moved to set aside, alleging that the $200 received by the plaintiff satisfied the judgment.

*August 4.*

*J. Edwards*, for defendant.

*M. T. Reynolds*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. As this is an application to the equitable powers of this court, and as the equity seems to me against granting the motion, it must be denied. The note as a payment on the judgment was invalid in the hands of the plaintiff—it could not have been enforced against J.

ALBANY,
Aug. 1831.

B. M. ; and as it was paid out of the partnership funds, it should have been applied to the partnership demand. The defendant had no right to direct the application differently. It is not the case of an ordinary debtor, applying payments made by himself, where there are different demands against him ; it is more like one man entrusted with the money of another to pay the other's debt, who misapplies it to the payment of his own debt, the person to whom the money is paid being the creditor of both. In a case like this it is proper, when in the power of the court, to correct the procedure. The motion is denied, with costs ; but proceedings are stayed for 30 days, that the defendant may file a bill in equity, if he shall be so advised.